| | |
|---|---|
| 1 | COOLEY GODWARD KRONISH LLP |
| 2 | WILLIAM S. FREEMAN (82002) (freemanws@cooley.com)<br>JOHN C. DWYER (136533) (dwyerjc@cooley.com) |
| 3 | SHANNON M. EAGAN (212830) (seagan@cooley.com)<br>Five Palo Alto Square |
| 4 | 3000 El Camino Real<br>Palo Alto, CA  94306-2155 |
| 5 | Telephone:    (650) 843-5000<br>Facsimile:     (650) 857-0663 |
| 6 | Attorneys for Defendants |
| 7 | RIGEL PHARMACEUTICALS, INC., JAMES M. GOWER,<br>RYAN D. MAYNARD, DONALD G. PAYAN, RAUL R. |
| 8 | RODRIGUEZ, ELLIOTT B. GROSSBARD, JEAN DELEAGE,<br>BRADFORD S. GOODWIN, GARY A. LYONS, WALTER H. |
| 9 | MOOS, HOLLINGS C. RENTON, PETER S. RINGROSE, and<br>STEPHEN A. SHERWIN |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTER-LOCAL PENSION FUND GCC/IBT, On Behalf of Itself and All Others Similarly Situated,,<br><br>Plaintiff,<br><br>v.<br><br>RIGEL PHARMACEUTICALS, INC., JAMES M. GOWER, RYAN D. MAYNARD, DONALD G. PAYAN, RAUL R. RODRIGUEZ, ELLIOTT B. GROSSBARD, JEAN DELEAGE, BRADFORD S. GOODWIN, GARY A. LYONS, WALTER H. MOOS, HOLLINGS C. RENTON, PETER S. RINGROSE, STEPHEN A. SHERWIN, CREDIT SUISSE SECURITIES (USA) LLC, THOMAS WEISEL PARTNERS, LLC, OPPENHEIMER & CO. INC. and JEFFERIES & COMPANY, INC.,<br><br>Defendants. | Case No.  CV 09-00546 JSW<br><br>CLASS ACTION<br><br>STIPULATION AND [PROPOSED] CONSOLIDATION ORDER<br><br>JURY TRIAL DEMANDED |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

789726 v1/PA

STIPULATION AND [PROPOSED]
CONSOLIDATION ORDER
CASE NO. CV 09-00546 JSW

| | |
|---|---|
| RODNEY SHIPWAY, Individually and On Behalf of All Others Similarly Situated,,<br><br>Plaintiff,<br><br>v.<br><br>RIGEL PHARMACEUTICALS, INC., JAMES M. GOWER, RYAN D. MAYNARD, DONALD G. PAYAN, RAUL R. RODRIGUEZ, ELLIOTT B. GROSSBARD, JEAN DELEAGE, BRADFORD S. GOODWIN, GARY A. LYONS, WALTER H. MOOS, HOLLINGS C. RENTON, PETER S. RINGROSE, STEPHEN A. SHERWIN, CREDIT SUISSE SECURITIES (USA) LLC, THOMAS WEISEL PARTNERS, LLC, OPPENHEIMER & CO. INC. and JEFFERIES & COMPANY, INC.,<br><br>Defendants. | Case No. C 09-00766 SI |

Pursuant to FRCivP 16(b), Civil L.R. 16-10(b), and Manual for Complex Litigation, Fourth §§ 11.21 and 31.31 (2004), the parties stipulate, and the Court hereby orders, as follows:

**CONSOLIDATION OF RELATED CASES**

1.  Each of the actions listed above and on Exhibit A is related to *Inter-Local Pension Fund GCC/IBT v. Rigel Pharmaceuticals, Inc., et al.*, Civil Case No. CV 09-0546 JSW within the meaning of Civil L.R. 3-12 (a). Pursuant to FRCivP 42(a), these cases are hereby consolidated into Civil Action No. CV 09-0546 JSW (the "Consolidated Action") for pretrial proceedings before this Court. The Consolidated Action shall be captioned: "*In re Rigel Pharmaceuticals Inc. Securities Litigation.*"

2.  All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into the Consolidated Action for pretrial purposes. This Order shall apply to every such related action, absent order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within thirty (30) days after the date on which a copy of the order is mailed to the party's counsel, pursuant to Paragraph 7, infra.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

789726 v1/PA

1.

STIPULATION AND [PROPOSED]
CONSOLIDATION ORDER
CASE NO. CV 09-00546 JSW

3. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

**MASTER DOCKET AND CAPTION**

4. The docket in Civil Action No. CV 09-0546 JSW shall constitute the Master Docket for this action.

5. Every pleading filed in the Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RIGEL PHARMACEUTICALS INC. SECURITIES LITIGATION. ) ) ) ) This Document Relates To: ) ) ) ) | Master File No. CV 09-0546 JSW  <br><br>CLASS ACTION |

6. The file in Civil Action No. CV 09-0546 JSW shall constitute a Master File for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Documents Relates To:". When a pleading applies only to some, not all, of the actions, the document shall list, immediately after the phrase "This Documents Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action (e.g., "No. C 09-_____ (Doe))."

7. The parties shall file a Notice of Related Cases pursuant to Civil L.R. 3-12(b) whenever a case that should be consolidated into the Consolidated Action is filed in, or transferred to, this District. If the Court determines that the case is related, the clerk shall:

(a) place a copy of this Order in the separate file for such action;

(b) serve on plaintiff's counsel in the new case a copy of this Order;

(c) direct that this Order be served upon defendants in the new case; and

(d) make the appropriate entry in the Master Docket.

## LEAD PLAINTIFF'S COUNSEL

8. After the Court has designated a Lead Plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(3) (B), the Lead Plaintiff shall designate a law firm or firms to serve as Lead Plaintiff's Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Plaintiff's Counsel shall have authority to speak for, and enter into agreements on behalf of, plaintiffs in all matters regarding pretrial procedures, discovery, and settlement negotiations. Lead Plaintiff's Counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities. Lead Plaintiff's Counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for dissemination of notices and orders. Lead Plaintiff's Counsel shall be responsible for communications with the Court. Lead Plaintiff's Counsel shall maintain a master service list of all parties and counsel.

9. Defendants' counsel may rely upon agreements made with Lead Plaintiff's Counsel. Such agreements shall be binding on all plaintiffs.

10. Any counsel of record for a party in the Consolidated Action who is not a member of the Bar of this District is hereby admitted to practice *pro hac vice* in this action.

## PLEADINGS AND MOTIONS

11. Defendants are not required to respond to the complaint in any action consolidated into the Consolidated Action, other than a consolidated complaint or a complaint designated as the operative complaint.

12. Lead Plaintiff shall file a consolidated complaint within forty-five (45) days after filing the order designating the Lead Plaintiff and Lead Plaintiff's Counsel, unless otherwise agreed upon by the parties. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.

13. Defendants shall respond to the consolidated complaint within forty-five (45) days after service, unless otherwise agreed upon by the parties. If defendants file any motions directed at the consolidated complaint, the opposition brief shall be filed within forty-five (45) days of the filing of that motion and the reply brief shall be filed within twenty (20) days of the filing of the opposition brief, unless otherwise agreed upon by the parties.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

789726 v1/PA

3.

STIPULATION AND [PROPOSED]
CONSOLIDATION ORDER
CASE NO. CV 09-00546 JSW

14. The parties shall serve all papers on each other by hand, by overnight delivery, or (by prior agreement) by electronic mail or facsimile, unless otherwise agreed upon by the parties. Notwithstanding the foregoing, defendants may serve plaintiffs' counsel, other than Lead Plaintiff's Counsel, by first-class mail, unless otherwise agreed upon by the parties.

Dated: March 18, 2009

COOLEY GODWARD KRONISH LLP
WILLIAM S. FREEMAN (82002)
JOHN C. DWYER (136533)
SHANNON M. EAGAN (212830)

_____/s/_____
William S. Freeman (82002)

Attorneys for Defendants
RIGEL PHARMACEUTICALS, INC., JAMES M. GOWER, RYAN D. MAYNARD, DONALD G. PAYAN, RAUL R. RODRIGUEZ, ELLIOTT B. GROSSBARD, JEAN DELEAGE, BRADFORD S. GOODWIN, GARY A. LYONS, WALTER H. MOOS, HOLLINGS C. RENTON, PETER S. RINGROSE, and STEPHEN A. SHERWIN

Dated: March 18, 2009

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
CHRISTOPHER P. SEEFER (201197)
DANIEL J. PFEFFERBAUM (248631)
DARREN J. ROBBINS (168593)
MATTHEW P. MONTGOMERY (180196)

_____/s/_____
Christopher P. Seefer (201197)

Attorneys For Plaintiff
INTER-LOCAL PENSION FUND GCC/IBT

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

789726 v1/PA

4.

STIPULATION AND [PROPOSED] CONSOLIDATION ORDER
CASE NO. CV 09-00546 JSW

| | | |
|---|---|---|
| 1 | Dated: March 18, 2009 | BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP |
| 2 | | ALAN R. PLUTZIK (077758) |
| 3 | | L. TIMOTHY FISHER (191626) |

_____/s/_____
Alan R. Plutzik (077758)

Attorneys For Plaintiff
RODNEY SHIPWAY

Dated: March 18, 2009   MILBANK, TWEED, HADLEY & MCCLOY LLP
JERRY L. MARKS (135395)
PAUL M. TORRES (240590)
ELIZABETH R. KOENIG (255756)

_____/s/_____
Jerry L. Marks (135395)

Attorneys for Defendants
CREDIT SUISSE SECURITIES (USA) LLC, THOMAS WEISEL PARTNERS, LLC, OPPENHEIMER & CO. INC. and JEFFERIES & COMPANY, INC.

### ATTESTATION PURSUANT TO GENERAL ORDER 45

I, William S. Freeman, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Consolidation Order. In compliance with General Order 45.X.B., I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of March, 2009, at Palo Alto, California.

_____/s/_____
William S. Freeman (82002)

**THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.**

Dated: March 19, 2009

_____[signature: Jeffrey S. White]_____
United States District Judge

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

789726 v1/PA                  5.                  STIPULATION AND [PROPOSED]
CONSOLIDATION ORDER
CASE NO. CV 09-00546 JSW

# EXHIBIT A

## Related Cases

*Inter-Local Pension Fund GCC/IBT v. Rigel Pharmaceuticals, Inc., James M. Gower, Ryan D. Maynard, Donald G. Payan, Raul R. Rodriguez, Elliott B. Grossbard, Jean Deleage, Bradford S. Goodwin, Gary A. Lyons, Walter H. Moos, Hollings C. Renton, Peter S. Ringrose, Stephen A. Sherwin, Credit Suisse Securities (USA) LLC, Thomas Weisel Partners, LLC, Oppenheimer & Co. Inc. and Jefferies & Company, Inc.*, filed in the United States District Court for the Northern District of California on February 6, 2009, Case No. CV 09-0546 JSW; and

*Rodney Shipway v. Rigel Pharmaceuticals, Inc., James M. Gower, Ryan D. Maynard, Donald G. Payan, Raul R. Rodriguez, Elliott B. Grossbard, Jean Deleage, Bradford S. Goodwin, Gary A. Lyons, Walter H. Moos, Hollings C. Renton, Peter S. Ringrose, Stephen A. Sherwin, Credit Suisse Securities (USA) LLC, Thomas Weisel Partners, LLC, Oppenheimer & Co. Inc. and Jefferies & Company, Inc.*, filed in the United States District Court for the Northern District of California on February 20, 2009, Case No. C 09-00766 SI.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

789726 v1/PA

6.

STIPULATION AND [PROPOSED]
CONSOLIDATION ORDER
CASE NO. CV 09-00546 JSW