COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
CHRISTOPHER P. SEEFER (201197)
D. CAMERON BAKER (154432)
DANIEL J. PFEFFERBAUM (248631)
S. ASHAR AHMED (256711)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
chriss@csgrr.com
cbaker@csgrr.com
dpfefferbaum@csgrr.com
aahmed@csgrr.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RIGEL PHARMACEUTICALS, INC. SECURITIES LITIGATION | No. 3:09-cv-00546-JSW <br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE |
| | DATE: December 4, 2009 <br> TIME: 9:00 a.m. <br> COURTROOM: The Honorable Jeffrey S. White |

I.  INTRODUCTION

Defendants ask this Court to take judicial notice of the contents of certain documents filed in connection with their motion to dismiss. *See* Defendants' Request for Judicial Notice ("RJN"). These documents generally fall into the five categories:

1. Transcripts of Rigel Pharmaceuticals, Inc. ("Rigel") investors' conference calls on December 13, 2007, October 27, 2008 and November 3, 2008 and an article published by Rigel: "Treatment of Rheumatoid Arthritis With a Syk Kinase Inhibitor: A Twelve-Week, Randomized, Placebo-Controlled Trial," *Arthritis & Rheumatism* (November 2008) (Eagan Decl., Exhibits C, G, M-N) that are referenced in the Complaint.[1]

2. Rigel Report on Form 10-K for the period ending December 31, 2007, and Forms 8-K filed with Securities and Exchange Commission ("SEC") on December 13, 2007 and February 3, 2009 (Eagan Decl., Exs. B, E, R), that are referenced in the Complaint.

3. Analysts' reports (Eagan Decl., Exs. D, H-L, O-Q), that are referenced in the Complaint.

4. Rigel's Proxy Statements filed with the SEC on Form DEF 14(A) on March 26, 2007, April 8, 2008 and April 15, 2009 (Eagan Decl., Exs. A, F, S); Exhibits F and S are referenced in the Complaint, whereas Ex. A is neither referenced nor relied upon in the Complaint.

5. SEC filing on Form 4s for defendants James M. Gower, Elliott B. Grossbard, Ryan D. Maynard, Donald G. Payan, Paul R. Rodriguez, Jean Deleage, Bradford S. Goodwin, Gary A. Lyons, Walter H. Moos, Hollings C. Renton, Peter S. Ringrose and Stephen A. Sherwin (Eagan Decl., Exs. T-U), that are neither referenced nor relied upon in the Complaint.

Under Fed. R. Evid. 201, "[a] judicially noticed fact must be one not subject to reasonable dispute" that is "(1) generally known within the territorial jurisdiction . . . or (2) capable of . . . ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

---

[1] "Eagan Decl." refers to the Declaration of Shannon M. Eagan in Support of Rigel and Individual Defendants' Motion to Dismiss Consolidated Complaint. "Complaint" refers to the Consolidated Complaint for Violation of the Federal Securities Laws, filed on July 24, 2009.

201(b). The Ninth Circuit has held that a district court may take judicial notice of "undisputed matters of public record" but not "disputed facts stated in public records." *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230,1254 (N.D. Cal. 2008) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001)); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). It is reversible error to take judicial notice of the "truth" of the contents of such documents. *Lee*, 250 F.3d at 688. It is also improper to judicially notice the contents of documents challenged as inaccurate. *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997); *see also In re Northpoint Commc'ns Group, Inc., Sec. Litig. & Consol. Cases*, 221 F. Supp. 2d 1090, 1095 (N.D. Cal. 2002). The Private Securities Litigation Reform Act of 1995 is consistent with this limitation, allowing consideration of statements referenced in a complaint only where the statements offered are "not subject to material dispute." 15 U.S.C. §78u-5(e); *see also* William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial*, Ch. 9:219 (TRG 2008) (Public documents can be considered, "but not to prove the truth of their contents.").

## II. ARGUMENT

### A. Judicial Notice Is Proper for Documents Referenced in the Complaint, But Not for the Truth of Their Contents

Exhibits B-S to the Eagan Decl. are referenced in the Complaint, and therefore, are proper subjects for the Court's consideration under the "incorporation-by-reference" doctrine. However, judicial notice of the truth of any fact contained in the documents submitted is not permitted. *See Lee*, 250 F.3d at 688-90; *Parrino*, 146 F.3d at 705-06 (citing *Branch*, 14 F.3d at 454).

Most of these exhibits contain statements about R788 efficacy and safety results for December 2007 that plaintiff alleges were false and misleading, and some others confirm that Rigel reported those materially false and misleading results during the Class Period (December 13, 2007 through February 3, 2009). At the pleading stage, any inferences that may be drawn from the press releases, conference calls or presentation, however, must be drawn in plaintiff's favor. *Lee*, 250 F.3d at 690. While the Court may take judicial notice of the fact that defendants filed or issued these

documents and the fact that they made the statements therein, the Court cannot take judicial notice of the truth of their contents.  *Id*. at 688-90.

Accordingly, the Court may consider Exhibits B-S under the incorporation doctrine, but not take judicial notice of the truth of the contents therein.

### B. Judicial Notice Is Improper for Documents Neither Referenced nor Relied upon in the Complaint

Defendants ask this Court to judicially notice (1) proxy statements filed with the SEC on Form DEF 14(A) on March 26, 2007 (Eagan Decl., Ex. A), and (2) Form 4s for defendants (Eagan Decl., Exs. T-U).  These documents are neither referenced in the Complaint nor crucial to plaintiff's Complaint, and therefore, the Court cannot consider these documents.

To support defendants' erroneous contention that their lack of insider selling negates scienter, defendants rely on the Forms DEF 14(A) to show ownership of Rigel's stock by its officers, and Form 4s to show trading history of some of the defendants.  However, as plaintiff points out in its opposition brief, filed herewith (Plaintiff's Opposition to Motion to Dismiss of Rigel and Individual Defendants at 22-23), defendants' contention has been rejected by the Ninth Circuit and by this Court.  *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. West Holding Corp.*, 320 F.3d 920, 944 (9th Cir. 2003) (The Ninth Circuit has expressly held "the lack of stock sales by a defendant is not dispositive as to scienter" and that "scienter can be established even if the officers who made the misleading statements did not sell stock during the class period.");  *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1107 (N.D. Cal. 2006) ("[F]ailure to allege selling or trading did not negate the inference of scienter.").

Moreover, it is well established that a defendant may not rely on materials not referenced in the complaint to dispute the complaint's factual allegations.  *Cooper*, 137 F.3d at 622;  *Branch*, 14 F.3d at 453.  A document is "outside" the complaint if its content are not "alleged" or referenced in the complaint.  *Cooper*, 137 F.3d at 622.  Indeed, "[c]ourt[s] should not use judicial notice to generate an evidentiary record and then weigh evidence . . . to dismiss [a] complaint." *In re Network Equip. Techs., Inc. Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991).

On a Rule 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment [and disposed of as provided in] Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d). This includes "giving the party opposing the motion notice and opportunity to conduct necessary discovery and to submit pertinent material." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) ("[W]hen the Court goes beyond the pleadings and judicially noticed facts . . . the Court must convert the motion and give both sides . . . an opportunity to supplement the factual record.").

A court may consider documents not referenced in the complaint, the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies. *Parrino*, 146 F.3d at 706. Documents "crucial to the plaintiff's claims, but not explicitly incorporated in his complaint," may be considered if "such an extension is supported by the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id*. This exception has no application here because these documents are not referenced in the Complaint and are not crucial to plaintiff's claims.

By relying on *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863 (N.D. Cal. 2004) and *Allison v. Brooktree Corp.*, 999 F. Supp. 1342, 1353 n.3 (S.D. Cal. 1998), defendants assert that the Court may take judicial notice of the contents of these exhibits. RJN at 5. However, later courts have held: "With respect to SEC filings, the Court takes judicial notice only of the statements contained therein, but not for the purpose of determining the truth of those statements." *In re Dura Pharms., Inc. Sec. Litig.*, 548 F. Supp. 2d 1126 (S.D. Cal. 2008) (citing *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005)). Such an approach is only logical, especially in a securities fraud case, because if defendants allegedly made false or misleading statements in one SEC filing, they are presumably willing to do so in others as well. Accordingly, while plaintiff does not dispute these documents were filed with the SEC, plaintiff does dispute their contents and thus, defendants may not rely on those contents here. *LDK Solar*, 584 F. Supp. 2d at 1254.

## III. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court: (1) deny defendants' request for judicial notice of Exhibits B-S to the Eagan Decl. to the extent it seeks judicial notice of the truth of the contents of these exhibits; and (2) deny defendants' request for judicial notice of the contents of Exhibits A, T and U to the Eagan Decl. as they are not referenced in the Complaint.

DATED: October 23, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
CHRISTOPHER P. SEEFER
D. CAMERON BAKER
DANIEL J. PFEFFERBAUM
S. ASHAR AHMED

           /s/
CHRISTOPHER P. SEEFER

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

S:\CasesSD\Rigel Pharmaceuticals\BRF00062123.doc

1 <u>CERTIFICATE OF SERVICE</u>

2   I hereby certify that on October 23, 2009, I electronically filed the foregoing with the Clerk
3 of the Court using the CM/ECF system which will send notification of such filing to the e-mail
4 addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have
5 mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF
6 participants indicated on the attached Manual Notice List.

7   I certify under penalty of perjury under the laws of the United States of America that the
8 foregoing is true and correct.  Executed on October 23, 2009.

                                  /s/
10                         CHRISTOPHER P. SEEFER

11                         COUGHLIN STOIA GELLER
                                RUDMAN & ROBBINS LLP
12                         100 Pine Street, 26th Floor
                           San Francisco, CA  94111
13                         Telephone:  415/288-4545
                           415/288-4534 (fax)
14
15                         E-mail:chriss@csgrr.com

PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE –
3:09-cv-00546-JSW                                                                                      - 6 -

**Mailing Information for a Case 3:09-cv-00546-JSW**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Margaret Irene Branick-Abilla**
  mbranickabilla@cooley.com,wilsonla@cooley.com,foxl@cooley.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Shannon Marie Eagan , Esq**
  seagan@cooley.com

- **William S. Freeman**
  freemanws@cooley.com,galancr@cooley.com,dvance@rigel.com

- **Jerry L. Marks**
  jmarks@milbank.com,mawalsh@milbank.com

- **Matthew Paul Montgomery**
  mattm@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Sundeep Ravindra Patel**
  spatel@cooley.com

- **Erik David Peterson**
  epeterson@btkmc.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@csgrr.com,aserros@csgrr.com,nrogers@csgrr.com,khuang@csgrr.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Christopher Paul Seefer**
  chriss@csgrr.com,jdecena@csgrr.com,vcordial@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,mburch@csgrr.com,cbaker@csgrr.com,e_file_sd@csgrr.com

- **Paul Michael Torres**
  ptorres@milbank.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)