1 | **MILBANK, TWEED, HADLEY & McCLOY LLP**
JERRY L. MARKS (CA State Bar No. 135395)
2 | PAUL M. TORRES (CA State Bar No. 240590)
601 South Figueroa Street, 30th Floor
3 | Los Angeles, CA  90017
Telephone: (213) 892-4000
4 | Facsimile: (213) 629-5063
jmarks@milbank.com
5 | ptorres@milbank.com

6 | *Attorneys for Defendants*
*Credit Suisse Securities (USA) LLC, Thomas Weisel*
7 | *Partners LLC, Oppenheimer & Co. Inc., and Jefferies &*
*Company, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RIGEL PHARMACEUTICALS, INC. SECURITIES LITIGATION. | Master File No.  CV 09-0546 JSW<br><br><u>CLASS ACTION</u><br><br>**UNDERWRITER DEFENDANTS' REPLY IN SUPPORT OF JOINDER IN RIGEL AND INDIVIDUAL DEFENDANTS' MOTION TO DISMISS CONSOLIDATED COMPLAINT** |
| This Document Relates To:  All Actions | Date:        December 4, 2009<br>Time:        9:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:       Hon. Jeffrey S. White |

The Underwriter Defendants filed a Notice of Joinder and Joinder in Rigel and Individual Defendants' Motion to Dismiss Consolidated Complaint (Docket No. 35, the "Joinder"). The Joinder expressly adopted all of the arguments set forth in the Motion that related to the two counts (third and fourth) in which the Underwriter Defendants are named. The Underwriter Defendants hereby also adopt and incorporate by reference each and every argument set forth in Rigel and Individual Defendants' Reply in Support of Motion to Dismiss Consolidated Complaint relating to the third and fourth counts.

Plaintiff did not oppose the Underwriter Defendants' Joinder. But in its opposition to Rigel's Motion (Docket No. 37, the "Opposition"), Plaintiff included a section ostensibly addressed to the Underwriter Defendants. (Opposition at 23-24). Plaintiff asserts that the Underwriter Defendants' decision to join Rigel's Motion and not file a separate motion to dismiss repeating those arguments somehow implies that the Underwriter Defendants "do not dispute" that they failed to meet their "gatekeeper" duties. This assertion is not true. Plaintiff's assertion is the subject of the Underwriter Defendants' due diligence defense, which is not at issue in the pending Motion. If it becomes necessary, the Underwriter Defendants will assert their due diligence affirmative defense and then establish that they performed a reasonable investigation and had reasonable ground to believe and did believe that the statements in the offering materials were true and not misleading. 15 U.S.C. § 77k(b)(3)(A); *In re Software Toolworks Inc. Sec. Litig.*, 50 F.3d 615, 621 (9th Cir. 1994).

DATED: November 12, 2009          **MILBANK, TWEED, HADLEY & McCLOY LLP**
                                  Jerry L. Marks
                                  Paul M. Torres


                                  By:    */s/ Jerry L. Marks*
                                          Jerry L. Marks

                                  *Attorneys for Defendants*
                                  Credit Suisse Securities (USA) LLC, Thomas Weisel Partners LLC, Oppenheimer & Co. Inc., and Jefferies & Company, Inc.