IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RIGEL PHARMACEUTICALS, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | No. C 09-00546 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 18, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall have twenty (20) minutes to address the following questions:

1. Precisely which statements, or parts of statements, allegedly made by Defendants does Plaintiff contend were materially false and misleading and where in the Consolidated Complaint does Plaintiff allege such statements?

2. To the extent Plaintiff alleges actionable omissions, the alleged omissions must render some affirmative public statement misleading. In order for an omission to be misleading, "it must affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." *See Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002) (citing *McCormick v. The Fund American Cos.*, 26 F.3d 869, 880 (9th Cir. 1994)).
   a. What omissions does Plaintiff contend Defendants made?
   b. Precisely what affirmative public statement do such omissions render misleading and where in the Consolidated Complaint does Plaintiff allege such public statements?

3. Plaintiff argues that Defendants failed to disclose that "(1) patients in Mexico had higher response rates in both the placebo and treated arms than U.S. patients; and (2) 42 of the 47 patients in the 150mg cohort were from Mexico, and no patients in the 50mg cohort were from Mexico." (Opp. at 6.) In light of the fact that the delta between the active and control groups in both countries was approximately the same, how do these alleged omissions overstate the dose response and skew the data in favor of R788?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: December 16, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE